IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
MAY 14 2024
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 24-109 |
| CLAUDE ARMONDO LEE | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Justin E. Lewis, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession of ammunition by a convicted felon. On or about March 21, 2024 | 18 U.S.C. § 922(g)(1) |

### II. ELEMENTS OF THE OFFENSE

**As to Count 1:**

In order for the crime of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. CLAUDE ARMONDO LEE knowingly possessed the ammunition described in Count One of the Indictment;

2. At the time of the charged act, CLAUDE ARMONDO LEE had been

convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3. At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; and

4. CLAUDE ARMONDO LEE'S possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G (modified).

### III. PENALTIES

**As to Count 1: Possession of Ammunition by a Convicted Felon (18 U.S.C. § 922(g)(1)):**

1. A term of imprisonment of not more than fifteen (15) years (18 U.S.C. § 924(a)(8)). However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

_____
JUSTIN E. LEWIS
Assistant U.S. Attorney
NY ID No. 5797626

3